UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAY 14 2008
[Clerk signature]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID A. WAFF, individually, and on behalf of all those similarly situated, | CIV. 07-4166 |
| Plaintiff, | |
| vs. | |
| TIM REISCH; DOUGLAS L. WEBER; MISTI WAAGMEESTER; SHANNON MUCHOW; JACKIE SCHWADER; DOUGLAS LOEN; JENNIFER LANE-WAGNER; and/or any other South Dakota Department of Corrections and/or State of South Dakota, Jane and/or John Doe employees, officials and/or agents, personally or in their individual capacities; | ORDER FOR SERVICE AND DENYING APPOINTMENT OF COUNSEL |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff David A. Waff brings this action under 42 U.S.C. § 1983. The Court has previously granted Mr. Waff's Motion for *In Forma Pauperis* status (*see* Doc. 4, Motion for Waiver, Doc. 9, Order Granting In Forma Pauperis Status). The Court has reviewed Plaintiff's Complaint and his various accompanying filings and has concluded this matter should be served upon the Defendants.

The Court has also reviewed Plaintiff's Motion for Appointment of Counsel (Doc. 11). Plaintiff asserts he is untrained in the law and cannot afford to hire a lawyer. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges he was and continues to be denied access to a kosher diet in violation of his religious and constitutional rights. This case is not legally complex. The law regarding plaintiff's claims will be analyzed under the First Amendment and RLUIPA. Plaintiff's First Amendment Claim is evaluated under the four-factor test established by the Supreme Court in *Turner v. Safley*, 482 U.S. 78, 81 (1987). *See, Murphy v. Dept. of Corrections*, 372 F.3d 979, 982-83 (8th Cir. 2004). Under *Turner*, "[a] prison regulation or action is valid . . .even if it restricts a prisoner's constitutional rights if it is 'reasonably related to legitimate penological interests.'"*Id.* (quoting *Turner*, 482 U.S. at 89). The four factors to be evaluated are:

> First, we ask whether there is a "valid rational connection" between the prison regulation and the government interest justifying it. Second, we consider whether there is an alternative means available to the prison inmates to exercise the right. Third, we examine whether an accommodation would have a "significant 'ripple effect'" on the guards, other inmates, and prison resources. Fourth, we evaluate whether there is an alternative that fully accommodates the prisoner a"at de minimis cost to valid penological interests."

*Murphy*, 372 F.3d at 892--83 (internal citations omitted).

Under RLUIPA, Congress enacted the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et. seq. in 2000. It establishes a statutory free exercise claim which embraces a higher standard of review than constitutional free exercise claims. *Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 987 (8th Cir. 2004). The statute provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997), even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>    (1) is in furtherance of a compelling governmental interest; and
>    (2) is the least restrictive means of furthering that governmental interest.

42 U.S.C. § 200cc-1(a). A prisoner claiming a RLUIPA violation must show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion. *Murphy*, 372 F.3d at 988, 42 U.S.C. § 2000cc-2(b). RLUIPA does not contain a definition of substantial burden. The standard cited in *Murphy* was that the

> government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs;

> must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Murphy*, 372 F.3d at 988. The Eighth Circuit has since acknowledged, however, that the "central tenet" and "fundamental" portions of this definition are probably unworkable as they pertain to a RLUIPA claim because 42 U.S.C. § 2000cc-5(7) defines religious exercise as "any exercise of religion, whether on not compelled by, or central to, a system of religious belief." *See, Patel v. United States Bureau of Prisons*, ___ F.3d ___, 2008 WL 281912 (CA 8 ARK, Feb. 4, 2008) at *8, fn. 7. *See also*, *Sisney v. Reisch*, ___ F.Supp.2d ___, 2008 WL 355601 (D.S.D. Feb. 6, 2008) at *14 (explaining that in determining whether policies or actions imposed a substantial burden, the Court would not question whether the prisoner's proposed practice was central to the exercise of his religion). If those two references are removed, the following sentence remains according to the Eighth Circuit definition: To constitute a substantial burden, the government policy or action must meaningfully curtail a person's ability to express adherence to his or her faith." *Murphy*, 372 F.3d at 988.

Like all individuals untrained in the law, Plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. He has already submitted several lengthy and coherent affidavits with attachments. It is s not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be legally complex at this point in the proceedings. Considering all the relevant factors, as discussed above, and upon the record to-date, Plaintiff's Motion for Appointment of Counsel will be denied.

Therefore, it is ORDERED:

1. **That the United States** Marshal serve a copy of the complaint, summons, order for filing in forma pauperis, and this order upon defendants as directed by Plaintiff. All costs of service shall be advanced by the United States.

2. That Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff's Motion to Waive Three Strikes Rule (Doc. 4) is DENIED as moot as Plaintiff has already been granted *in forma pauperis* status.

4. Plaintiff's Motion for Appointment of Counsel (Doc. 11) is DENIED without prejudice.

Dated this 14 day of May, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge